IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-cr-40083-SMY |
| | ) |
| JAYLEN M. DAVIS, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Pending before the Court is Defendant Jaylen M. Davis' Motion for Copying, seeking a no-cost copy of his Plea Agreement (Doc. 161). Davis entered into a Plea Agreement on February 6, 2020 (Doc. 56) and was subsequently sentenced to 111 months in prison (Doc. 118). He states that he requires a copy of his Plea Agreement for purposes of his personal records and appeal. He further states that he has just arrived at federal prison and cannot pay for a copy as he has no steady pay or permanent work.

Defendants have no constitutional right to a complimentary copy of any document in their court files. See, *United States v. Groce,* 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Therefore, before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.,* through his trial and appellate counsel); (2) that he is financially unable to secure access to his court files (*i.e.,* through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing); and (3) that the documents requested are necessary for some specific non-frivolous court action. See, *United States v. Wilkinson,* 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States,* 559 F.2d 455, 459 (7th Cir.

1977); *Groce,* 838 F. Supp. at 413-14. These minimal requirements do not impose a substantial burden on prisoners who desire their records be sent to them at government expense.

Davis makes no mention of exhausting other means of access to his file. And while he asserts that he is financially indigent, he did not attach a certified copy of his prisoner's trust account to his motion. Accordingly, the motion (Doc. 161) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: July 21, 2022**

**STACI M. YANDLE**
**United States District Judge**